United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Deborah Anne Conway  
      Debtor

Case No. 15-18553-sr  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: PaulP      Page 1 of 1      Date Rcvd: Aug 18, 2016  
                             Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2016.  
db           +Deborah Anne Conway,   3824 Manayunk Avenue,   Philadelphia, PA 19128-5108

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2016                                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 18, 2016 at the address(es) listed below:  
        BRADLY E ALLEN   on behalf of Debtor Deborah Anne Conway bealaw@verizon.net  
        FREDERICK L. REIGLE   ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
        JOSHUA ISAAC GOLDMAN   on behalf of Creditor   Nationstar Mortgage LLC bkgroup@kmllawgroup.com,  
         bkgroup@kmllawgroup.com  
        POLLY A. LANGDON   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
         ecf_frpa@trustee13.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                           TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Deborah Anne Conway<br>　　　　　Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC<br>　　　　　Movant<br>vs.<br>Deborah Anne Conway<br>　　　　　Debtor<br>Frederick L. Reigle Esq.<br>　　　　　Trustee | NO. 15-18553 SR<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is $4,786.54, which breaks down as follows:

Post-Petition Payments:　　　　January 2016 through July 2016 at $569.40
Fees & Costs Relating to Motion: $1,026.00 ($850.00 fees plus $176.00 costs)
Less Post-Petition Suspense:　　$225.26
Total Post-Petition Arrears　　$4,786.54

2. Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 plan to include the post-petition arrears of $4,786.54 along with the prepetition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the postpetition arrears of $4,786.54 along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   July 28, 2016          By:  /s/ Joshua I. Goldman, Esquire
                                    Joshua I. Goldman, Esquire
                                    Attorneys for Movant
                                    KML Law Group, P.C.
                                    Main Number: (215) 627-1322

Date: _____

                                    Bradly E Allen Esquire
                                    Attorney for Debtor

Date: 8/12/16

                                    Frederick L. Reigle Esq.
                                    Chapter 13 Trustee

Approved by the Court this 18th day of August, 2016. However, the court retains discretion regarding entry of any further order.

                                    Bankruptcy Judge
                                    Stephen Raslavich